Houck, J.
The proceeding before us' for. review is one in error in which it is sought to reverse a judgment entered by Hon. John G. Reeves, Judge of the common pleas court of Fairfield county, Ohio, in which the court on a petition filed under favor of what is known as the “Jones residence local option law” ordered and directed that the prayer of the petitioners be granted, prohibiting the sale of intoxicating liquors as a beverage in the residence district described in said petition, in the city of Lancaster, Ohio.
The errors relied upon by counsel for plaintiff in error are: first, that maps were not attached to the petitions, as required by law; second, that there is a defect in the description of the territory sought to be made dry, because it includes a strip of land about forty feet wide and eleven hundred feet in length on the southern boundary line of the proposed dry district or territory that is without the corporate limits of the city of Lancaster; third, that the district contains an exempted business block; fourth, tfiat the required number of qualified electors did not sign the petitions.
Counsel for plaintiff in error urges that there were nine petitions, executed in the usual form, and but five maps, and that therefore Section 6146, General Code, was not complied with. Said section reads:
“All petitions for signatures under the next six preceding sections shall have a map or drawing at *295 tached showing the outlines of the district and location of all saloons within the district proposed.”
Upon an éxamination of the petitions and maps we find that all of the petitions are in the usual printed form, that four of the maps have attached to them two petitions each, and that one of the maps has one petition. All are securely fastened by hooks or fasteners.
No complaint is made as to the one petition and one map, but it is insisted upon that because one map is attached to two petitions, in four instances, such are not in compliance with the above statute. The same names do not appear on the second blank form of petition as on the first, and we do not see how anyone could be prejudiced by the fact that for convenience a second blank form petition was used instead of inserting a blank piece of paper for signatures. The second blank form was no doubt used for convenience, and in the absence of a showing of fraud, or that any qualified elector or resident of the district was misled thereby, or in some way prejudiced, we do not think that the plaintiff in error has any just cause of complaint in this regard.
Plaintiff in error insists that the petitions and maps upon their face show that there is an entire failure to properly and legally describe a municipal district. It is claimed that the description includes a part of Berne township, without the corporate limits of Lancaster; that the south boundary line of the district is the north line of the C., A. & C. railway, which includes a strip of land eleven hundred feet in length and forty feet in width, outside of the south boundary line of the corporation limits *296 pf the city of Lancaster. Section 6068, General Code, reads:
“The phrase ‘residence district/ as used in this chapter and in the penal statutes of this state means a clearly described, contiguous, compact section or territory in a municipal corporation bounded by street, corporation or other well recognized lines or boundaries and containing not less than three hundred qualified electors, nor more than five thousand qualified electors.”
An examination of the language used in the above statute can lead us to but one termination, and that is that a “residence district” must be clearly described, and that the territory therein must be a compact section or part of a municipal corporation, etc. The territory can not legally embrace any territory outside of the corporate limits.
The territory in dispute is conceded to be the right of way of the C., A. & C. railway company; it is conceded that no one lives upon it; that no one residing therein signed the petitions, or either of them, and that no one having any interest in said disputed territory is claiming to be prejudiced by this proceeding.
How could any one be prejudiced thereby, whether he lived within the boundaries of the parcel of land in question or in the corporate limits of Lancaster ?
The only power and authority given to the residents of a municipality under the Jones law for local option residence districts is contained in Section 6140, General Code. This statute applies to municipalities alone, and no jurisdiction is given them outside of such municipal corporations.
*297 How can it with any force be urged that when the petitions and maps now under consideration were drawn that it was intended that the disputed territory should be included? To us it seems clear that it was included by mistake, because an examination of the Jones law plainly indicates that no territory can be legally included outside of the municipality. We hold the rule to be, as applied to the facts in this case, where outside territory is included, that all such territory so included in the description of the district lying outside of the corporate limits of the city of Lancaster, Ohio, should be excluded, but that fact does not within itself invalidate the district lying and being within the corporate limits.
Then, let us inquire, who can be prejudiced if the territory which has been included by mistake, and over which the municipality of Lancaster has no jurisdiction, is excluded ? We are of the opinion that no one will suffer injury or prejudice thereby, and that the purpose and intent of all parties in interest will be fully carried out, and, further, that the legislative intent of the provisions of Section 6068 will in no wise be violated. We believe that any other or different application of the provisions of this statute to the conceded facts in this case would be a strained one, and entirely out of tune with the well-known rule having regard to the construction of and application of statutory law.
Coming now to the next ground of alleged error: Does the district contain an exempted block? An examination of the bill of exceptions discloses that the block in question is a vacant tract of land, and if it is used for any purpose at this time it is for *298 farming, which fact was conceded by counsel for plaintiff in error in oral argument. With this fact before us, we are inclined to believe that it will not now be urged that this alleged error is well taken.
The fourth and last error relied upon is as to whether or not the required number of qualified electors signed said petitions; and whether or not the evidence offered establishes the fact that they were qualified as required by Section 6067, General Code.
Learned counsel for the plaintiff in error maintains :
“Proving a petitioner was registered in a certain precinct does not show that he is a citizen or entitled to vote. If it did, all that a man would have to do would be to get registered, and thereby prove his qualification or right to vote. The adjective ‘registered’ does not take away any of the qualifications necessary to be shown to prove that he is a voter; it only adds another and further requisite to be proven; he must still be a voter, whether registered or not, and this can not be done without showing that he is a citizen of the United States, in addition to the other qualifications mentioned.”
We are not in accord with this claim of counsel, and can not and do not subscribe to it, because it is too narrow a construction placed upon Section 6067, General Code. The legislature, in enacting this section, saw fit to define therein “qualified elector;” and, in order to make it clear, definite and certain as to meaning, and make a definition for the phrase “qualified elector,” as used in said statute with reference to petitions in a residence *299 district of a municipal corporation, defined the same to be “a registered male voter in a municipal corporation which has registration, or a male voter entitled to register therein, or a male voter of a municipal corporation which does not have registration, provided that in each case such qualified elector has been a bona fide resident of such residence district for four months before the filing of the petition upon which his name appears.”
It therefore must be conceded that in the enactment of this statute the legislature has settled some things which might otherwise be difficult of proof. This section clearly and specifically defines who is a qualified elector. The statute is in no wise ambiguous. It was the purpose and intent of the legislature to so define “qualified elector,” which it did by language clear, plain and definite, and which needs no interpretation.
The record in this case shows that more than the requisite number of petitioners were obtained, and that they were qualified electors of the district, as required by law.
It is not our purpose or intention to discuss the questions involved in this case at further length, except to say that it is not within the domain nor is it the duty of a reviewing court to reverse a judgment of a lower court for mere technical reasons, but a reversal must be based upon errors which are apparent upon an examination of the record and found to be clearly prejudicial to the right or rights of those complaining; and after a careful examination of the evidence in this case, as presented in the bill of exceptions, and from the entire record before us, a majority of the court *300 hold that there are not such errors in the record affecting the substantial rights of the plaintiff in error as would warrant a reviewing court in reversing the judgment of the common pleas court in this case. But we do find, however, on the conceded facts in the case as disclosed by the record, that the judgment entered below should be modified by striking out of or amending the description of the territory described in the petitions by excluding therefrom all that part of the territory included therein lying and being outside of the corporate limits of the city of Lancaster.

Judgment affirmed as modified.

Powell, J., concurs.
Shields, J., dissents.